No: ——

First Circuit.

LANDRENEAU v. CHAPMAN

(May 4, 1926. Opinion and Decree.)
(June 5, 1926. Rehearing Refused.)

(*Syllabus by the Editor.*)

1. **Louisiana  Digest — Automobiles — Par. 4 (b), 7.**

One who drives a wagon onto a public highway from a dirt road, although he saw an automobile coming some distance away, is contributorily negligent and consequently cannot recover damages resulting from a collision with the automobile.

(Civil Code, Art. 2315.  Editor's note.)

Appeal from the Parish of Evangeline. Hon. B. H. Pavy, Judge.

Action by Octave Landreneau against Arville Chapman.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

J. H. Dore, of Ville Platte, attorney for plaintiff, appellee.

R. Lee Garland, of Ville Platte, attorney for defendant, appellant.

LECHE, J.  The claim in suit is for damages arising out of a collision between plaintiff's wagon and defendant's automobile.

The plaintiff was driving a farm wagon drawn by two mules along a road going north, and the defendant was in his automobile going west on another road which intersected the first at right angles. The two vehicles met practically at the same time at the intersection of the two roads and the automobile struck the wagon about the front wheel. Plaintiff, who was sitting on a board across the front part of the body of the wagon, was precipitated by the shock, over the hood of the automobile, and struck the latter's windshield. He was painfully hurt and cut but was not seriously injured. He asks for damages in the sum of two thousand dollars. The trial judge allowed him three hundred dollars, and on this appeal taken by defendant he prays for an increase to one thousand dollars.

The collision occurred in daytime and there was nothing to obstruct the view between the two vehicles. Plaintiff says that he saw the automobile when it was some distance from the crossing and the defendant also acknowledges that he saw the wagon, and each party seems to have estimated that he could clear the crossing before the other reached it, but the resultant collision indicated conclusively that both were faulty in their judgment as to the time it would take the other to clear the crossing. The testimony is, as usual in such cases, somewhat conflicting, but there is nothing to indicate that the defendant deliberately ran into the plaintiff's wagon.

The road on which the defendant was driving his automobile is one of the graveled public highways of the state and that on which plaintiff was traveling in his wagon is an ordinary dirt road. We have several times held to the rule that a person coming from a private roadway, or from a private lane or alley on which there is little, if any, traffic at all, is in duty bound when about to go upon a much-used public highway to slow down and even to stop if necessary, before entering upon such highway. The rule is not the result of any statutory law, except in most cities and municipalities, but it is nevertheless supported by reason and suggested by ordinary prudence. But we can't say that it applies in this case, as contended by defendant, for the evidence is lacking and fails to show whether the dirt road was a public highway and whether there was much traffic upon it.

Plaintiff admits that he saw defendant coming at some distance and yet he evidently failed to look in that direction when he reached the crossing, for he says that he heard defendant blow his horn and

that the collision was simultaneous with the sound of the horn. Defendant, on the other hand, claims that he saw plaintiff's wagon, that the mules seemed to stop when they reached the graveled road, and he concluded that he could pass in front of the wagon, but he adds that plaintiff urged the mules forward as he reached the intersection and that he was then unable to avoid the collision.

Our opinion is that both plaintiff and defendant failed to use proper precaution, that they both should have slowed down and stopped if necessary to avoid a collision. Each one saw the other and there is no reason why either one of the parties might not by the exercise of the least prudence and caution have avoided the accident.

For these reasons the judgment of the lower court is avoided and reversed and plaintiff's suit is dismissed at his costs.